UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MISAEL PEREZ CARDOSO                                                    PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:26-CV-98-DCB-RPM

WARDEN                                                                 RESPONDENT

## REPORT AND RECOMMENDATIONS

Before the Court is Petitioner Misael Perez Cardoso's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. At the time the petition was filed, Petitioner was an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. He is a native and citizen of Cuba who applied for admission into the United States on September 18, 2019, at the Hidalgo, Texas Port of Entry. He was detained in June 2025. He challenges his detention and asks to be released or provided with an individualized bond hearing.

In response to the petition, Respondent explained that an Immigration Judge entered an order on March 20, 2026, granting Petitioner pre-conclusion voluntary departure, in lieu of removal, to occur on or before April 20, 2026.[1] [7] at 2; [7-3]. As such, this Court entered an Order requiring Respondent to provide a status update regarding Petitioner's voluntary departure on or before April 21, 2026. [8]. Petitioner filed a response to this Order claiming that he did not agree to voluntary departure. [9]. However, the Court notes the Immigration Judge's Order says that Petitioner "made an application solely for voluntary departure in lieu of removal and . . . waived appeal of all issues." [7-3] at 1.

---

[1] Petitioner waived his right to appeal this order. [7-3] at 3.

Regardless, Respondent filed responses to the Order representing that Petitioner departed the United States on April 16, 2026, and therefore is no longer detained at the Adams County Correctional Center or in United States Immigration and Customs Enforcement ("ICE") custody. [10]; [11]; [11-1]. Indeed, according to ICE's Online Detainee Locator System, Petitioner is no longer at the Adams County Correctional Center or in ICE custody.[2] Therefore, Respondent contends the instant petition should be dismissed as moot because the relief Petitioner seeks—release from ICE custody—has occurred. [7] at 7–8.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has voluntarily departed the United States and is no longer in ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention"). Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed as moot.

---

[2] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."

## RECOMMENDATION

The undersigned recommends that Petitioner Misael Perez Cardoso's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this the 27th day of April 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE